IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| RICKIE D. WHARTON, et al., | ) |
| | ) Case No. 4:10CV00001 |
| Appellants, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| BENEFICIAL, et al., | ) |
| | ) By: Jackson L. Kiser |
| Appellees. | ) Senior United States District Judge |
| | ) |

Before me is Rickie D. Wharton and Shelby P. Wharton's appeal of the Bankruptcy Court's denial of Appellants' Motion to Avoid the judgment lien of Beneficial and Beneficial Discount Company of Virginia ("Appellees"). Although Appellants briefed me on this matter, Appellees did not respond at any stage of the proceedings. I heard oral argument on March 8, 2010, at which only counsel for Appellants appeared. The matter is now ripe for decision. For the reasons given below, I will **REVERSE** the Bankruptcy Court's denial of Appellants' Motion to Avoid, **GRANT** the Motion, and **REMAND** this matter for further proceedings.

**I.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

Appellants filed their Chapter 13 petition on June 2, 2009.[1] (Ch. 13 Voluntary Pet. 1-8.) In their filing, they scheduled four tracts of real property, three of which are the subject of this appeal: (1) 209 Berman Drive, Danville, VA, valued at $111,400 and securing a consensual lien of $120,110; (2) a vacant lot on Altice Drive, Danville, VA, valued at $2,000 and tax-assessed at $2,200; and (3) a vacant lot on Berman Drive, Danville, VA, valued at $8,500 and tax-assessed

---

[1] Although both of the Bankruptcy Judge's Memorandum Opinions indicate the filing took place on June 12, all of the documentation provided by the Appellants indicates the filing actually occurred on June 2.

1

at $9,000.² (Am. Schedule A; Am. Schedule C.) All three properties are held by Appellants as tenants by the entirety. (Am. Schedule A.)

On September 10, 2007, prior to Appellants' bankruptcy filing, Appellees obtained a judgment lien on Appellants' three Danville properties in Danville General District Court. (Mot. to Avoid Lien ¶ 3.) Appellees recorded the lien on the docket of the Danville City Circuit Court on September 21, 2007. (Id.) After Appellants' bankruptcy filing, on July 24, 2009, Appellees filed a secured proof of claim with the Bankruptcy Court covering their judgment lien on Appellants' real property.

On August 3, 2009, Appellants filed a Motion to Avoid Appellees' lien pursuant to 11 U.S.C. § 522(f) and Virginia Code section 34-4. (Id. ¶ 1-6.) The Bankruptcy Court scheduled a hearing for September 2, 2009, and gave Appellees twenty days to file an answer to Appellants' motion, but Appellees did not file an answer. Nevertheless, on October 2, 2009, the Bankruptcy Court, the Honorable William E. Anderson presiding, issued a memorandum decision denying Appellants' motion. That same day, Appellants filed a Motion for Reconsideration.³ On November 20, 2009, the Bankruptcy Court denied Appellants' Motion for Reconsideration but clarified that Appellants' fourth property is not covered by the lien. This appeal followed.

## II. STANDARD OF REVIEW

On appeal from a bankruptcy court, a district court reviews "findings of fact for clear

---

² It appears the fourth parcel scheduled—Mrs. Wharton's one-third interest in 2001 Mapleton Drive, Callands, VA, valued at $18,630—is not covered by the judgment lien Appellants sought to avoid. (See Mot. for Reconsideration ¶ 4-6; Appellants' Br. 3-4 (describing the three Danville properties but omitting any mention of the Callands property).) In any event, Appellants did not claim the Callands property as exempt. (Am. Schedule C.)

³ Appellants' Motion for Reconsideration centers on the Bankruptcy Court's erroneous conclusion that the fourth property, Mrs. Wharton's one-third interest in the Callands property, is within Beneficial's judgment lien. (Mot. for Reconsideration ¶ 4-6.)

2

error and conclusions of law de novo." Kielisch v. Educ.Mgmt. Corp., 258 F.3d 315, 319 (4th Cir. 2001) (internal quotation omitted).

### III.   DISCUSSION

Appellants argue that the Bankruptcy Court's reliance on Ragsdale v. Genesco, Inc., 674 F.2d 277 (4th Cir. 1982), is misplaced for two reasons. First, Appellants note that Ragsdale is distinguishable because the creditor in that case objected to avoidance of its lien, see id. at 278, while neither Appellee filed an objection in the immediate case. Second, Appellants assert that Ragsdale deals solely with the tenancy by the entirety exemption found in 11 U.S.C. § 522(b)(3)(B) and does not address the homestead exemption found in Virginia Code section 34-4. According to Appellants, the Bankruptcy Court erred in denying avoidance on the basis of the former exemption when Appellants were entitled to avoidance based on the latter exemption.

Regarding Appellants' first argument, I am persuaded that Appellees' failure to respond at any stage of this action—before the Bankruptcy Court or this Court—is a distinguishing factor. At a hearing before me, Appellants established that Appellees received an overwhelming number of notifications that their interest in Appellants' three properties was at stake. Appellants initially served Appellees through the law firm representing Appellees in their pre-bankruptcy collection action and through their registered agent. Appellants also listed Appellees as parties to the Motion to Avoid and this adversarial proceeding. The Bankruptcy Noticing Center ("BNC") issued Appellees notices on August 6, 2009, alerting them to the impending hearing on Appellants' Motion to Avoid and notifying them of the twenty day response period. On October 4, 2009, after the Bankruptcy Court initially denied Appellants' motion, BNC notified Appellees of the Bankruptcy Court's decision. BNC later notified Appellees of the

Bankruptcy Court's determination on Appellants' Motion to Reconsider on November 22, 2009. On December 2, 2009, BNC informed Appellees of Appellant's petition with this Court. The Clerk of Court twice spoke with the attorney that represented Appellees in their pre-bankruptcy collection action, and the firm sought Appellees' authorization to respond on Appellees' behalf. Despite all of this, Appellees silently stood by without so much as a scintilla of effort to protect their lien on Appellants' properties. Through their inactivity, Appellees effectively consented to Appellants' motion.[4]

Moreover, I am convinced that Ragsdale is inapposite to the question presented by Appellants' motion. As Appellants correctly indicated, the Fourth Circuit's opinion centers on the tenancy by the entirety exception found in § 522(b)(3)(B).[5] See Ragsdale, 674 F.2d at 278-79. Appellants' original Motion to Avoid, however, clearly indicates that Appellants sought avoidance under the homestead exemption found in Virginia Code section 34-4.[6] Because the Bankruptcy Court did not address the homestead exemption, the decision below was in error as a matter of law. See In re Thacker, 5 B.R. 592, 595-96 (Bankr. W.D. Va. 1980) (distinguishing the homestead exemption from the tenancy by the entirety exemption). This Court's file is incomplete on the merits of the exemption, so I remand to the Bankruptcy Court to reexamine Appellants' motion.

## IV.   CONCLUSION

---

[4] Appellants do not appear to have sought a default judgment under Rule 7055 of the Federal Rules of Bankruptcy Procedure, despite being notified of this possibility by the Bankruptcy Court's Pre-Hearing Order.

[5] At the time the Fourth Circuit decided Ragsdale, this exemption was found at 11 U.S.C. § 522(b)(2).

[6] 11 U.S.C. § 522(b)(2) permits states to opt out of the federal exemption scheme in favor of their own state-chosen set of exemptions.

For the reasons stated above, the Bankruptcy Court's denial of the Motion to Avoid is **REVERSED**, the Motion is **GRANTED**, and the Appellees' lien against the properties is **AVOIDED** to the extent it impairs the homestead exemption. The case is **REMANDED** to the Bankruptcy Court for further proceedings in accordance with this Opinion.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Judge Anderson.

Entered this 9th day of March, 2010.

s/Jackson L. Kiser
Senior United States District Judge